# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARIAN GENRE FILMS, INC., )
)
        Plaintiff, )
)
v. )
) 2:17-cv-504
MOBILE SATELLITE ) District Judge Nora Barry Fischer
COMMUNICATIONS d/b/a )
PITTSBURGH INTERNATIONAL )
TELECOMMUNICATIONS, INC., )
)
        Defendant. )

## MEMORANDUM OPINION

For the reasons that follow, the Court will dismiss the above-captioned action, with prejudice, for failure to prosecute.

**I.  BACKGROUND**

Plaintiff Arian Genre Films, Inc. initiated this civil action for breach of contract in the Court of Common Pleas of Allegheny County, and Defendant Mobile Satellite Communications d/b/a Pittsburgh International Telecommunications subsequently removed it to this Court on April 19, 2017. (Docket No. 1). Defendant filed its answer to the complaint on April 27, 2017. (Docket No. 6). On the same day, the Court entered a memorandum order setting a case management conference for May 16, 2017. (Docket No. 7).

On May 3, 2017, prior to the case management conference, Defendant filed a motion for judgment on the pleadings and brief in support. (Docket Nos. 9, 10). As a result, the Court ordered that Plaintiff's response was due by June 5, 2017; Defendant's reply, if any, was due by June 18, 2017; and Plaintiff's sur-reply, if any, was due by July 3, 2017. (Docket No. 11). The Court also set hearing and oral argument on the motion for July 18, 2017. (*Id.*).

However, in the interim, on May 12, 2017, Plaintiff's counsel, John Dougherty, Esq., filed a motion to withdraw as counsel, asserting that Plaintiff and its president/chief executive officer, Ardeshir Arian ("Mr. Arian"), have repeatedly failed and refused to accept and follow his advice and direction; have failed to provide critical and potentially dispositive information, documents, and the like; have failed and refused to communicate and cooperate with him with regard to the legal claims in the case; and have failed and refused to meet the financial obligations owed to him and his firm. (Docket No. 15 at ¶¶ 3-4). Based on these circumstances, Attorney Dougherty asserted that the attorney-client relationship was irreparably and irreconcilably harmed. (*Id.* at ¶ 5). The Court initially denied the motion to withdraw, without prejudice, the same day, and converted the case management conference into a telephonic status conference with the parties on May 16, 2017. (Docket Nos. 17, 18).

As noted from the conference's minute entry:

> The Court earlier provided counsel with a draft order staying all pending deadlines and dismissing the Complaint, without prejudice, until such time as Plaintiff retained new counsel and said counsel entered his or her appearance with the Court. A 45-day deadline was set for entry of appearance by new counsel, after which the Complaint would be dismissed with prejudice. Counsel for both parties confirmed that the draft order met their concerns regarding the status of the case. Attorney Dougherty noted that he had emailed Plaintiff a copy of the draft order, but received no response. Attorney Hawley[1] also noted that he had provided the Court with Plaintiff's addresses and phone numbers. Upon entry of the Order, the Court will attempt to contact Plaintiff by all available means to provide notice of the Order. Plaintiff was not responsive to the Court's attempt to contact him via telephone during the Status Conference. A final draft of the Order will be circulated to counsel before filing by the Court.

(Docket No. 18).

In light of the Court's discussion with counsel during the telephonic status conference, the Court entered an order granting Attorney Dougherty's motion to withdraw as Plaintiff's counsel the

---

[1] Attorney Hawley is with Attorney Dougherty's firm, Lyons Dougherty, although he never entered an appearance in this case.

following day, May 17, 2017. (Docket No. 19) (citing *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F.App'x 82, 84-85 (3d Cir. 2013); *Ohntrup v. Makina Ve Kimya Endustri Kurumu*, 760 F.3d 290, 294-95 (3d Cir. 2014)). In the same order, the Court stayed all deadlines in the case; dismissed the complaint, without prejudice; and cautioned "that if Plaintiff does not proceed to secure new counsel, and said counsel does not enter his or her appearance in the instant case on or before **July 5, 2017**, the Court shall dismiss the Complaint, **with prejudice**, for failure to prosecute." (*Id.*) (emphasis in original) (citing *Buschmeier v. G&G Investments, Inc.*, 222 F.App'x 160, 163 n. 3 (3d Cir. 2007); *Carrico v. Village of Sugar Mountain*, 114 F.Supp.2d 422, 424 (W.D. N.C. 2000)). The Court served the order on Mr. Arian at both addresses provided by his counsel via regular and certified mail.

On June 21, 2017, Plaintiff filed a motion to change venue, a motion to appoint counsel, and a motion to extend time to begin proceedings. (Docket Nos. 20, 21, 22). In these motions, Plaintiff sought to proceed pro se and/or be represented by Mr. Arian, a non-attorney. The Court denied the motions on the same day because a corporation is not permitted to proceed *pro se* or be represented by a non-attorney in federal court. (Docket No. 23) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Curbison v. United States Gov't of N.J.*, 242 Fed. App'x 806, 808 (3d Cir. 2007)). The Court further ordered, in accordance with the prior order from May 17, 2017, that "if Plaintiff does not proceed to secure new counsel, and said counsel does not enter his or her appearance in the instant case, the Court shall dismiss the Complaint, **with prejudice**, for failure to prosecute. New counsel shall enter [his or her] appearance no later than **August 21, 2017**." (*Id.*) (emphasis in original). The Court mailed the order to Mr. Arian's address of record.

Plaintiff filed a motion to extend time to hire an attorney on August 18, 2017, (Docket No. 24), which the Court granted the same day. (Docket No. 25). In the order, the Court stated that "Plaintiff shall proceed to secure new counsel, and said counsel shall enter his or her appearance in the instant case on or before **Monday, September 18, 2017**." (*Id.*). The Court cautioned that "[n]o further extensions shall be granted," and that "if Plaintiff does not proceed to secure new counsel, and said counsel does not enter his or her appearance in the instant case on the above date, the Court shall dismiss the Complaint, **with prejudice**, for failure to prosecute." (*Id.*). The Court mailed the order to Mr. Arian's address of record.

Notwithstanding the Court's numerous warnings and extensions of time for Plaintiff to secure counsel, no attorney has entered an appearance on behalf of Plaintiff, and the time to do so expired more than three weeks ago.

## II. LEGAL STANDARD

The Court has the inherent power to dismiss a civil action, *sua sponte*, for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). However, because dismissals with prejudice under Federal Rule of Civil Procedure 41(b) constitute "drastic sanctions," the Court must "provide the plaintiff with an opportunity to explain [the] reasons for failing to prosecute the case or comply with its orders prior to dismissing a case *sua sponte*." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (emphasis added). In addition, the Court must consider the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "[N]o single *Poulis* factor is

dispositive," and "not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (quotations omitted).

## III. DISCUSSION

In this case, Plaintiff's counsel withdrew from representing it approximately five months ago. The Court informed Plaintiff, through its president and CEO, Mr. Arian, that it needed to obtain replacement counsel in order to proceed in this action. *See Rowland*, 506 U.S. at 201-02 ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *see also United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996). From May 2017 to August 2017, the Court extended Mr. Arian's deadline to obtain replacement counsel twice and warned him three times that if he fails to do so, the Court will dismiss the case, with prejudice, for failure to prosecute. (Docket Nos. 19, 23, 25). Based on the Court's communications and correspondence with Mr. Arian, the Court notes that he appears to be a sophisticated individual who understood the implications of Court's orders. Despite the multiple extensions and warnings, however, Mr. Arian has failed to obtain replacement counsel by the Court's deadline of September 18, 2017, a deadline which the Court notes expired approximately three weeks ago. In addition, the Court notes that it has not heard from Mr. Arian for almost two months.

In light of the above, Plaintiff, through Mr. Arian, is directly responsible for violating multiple court orders and failing to advance this case over the last five months. *See Beaver Resources Corp. v. Brawand*, 618 Fed. App'x 736 (3d Cir. 2015) (concluding that "[t]he failure to find a substitute attorney by the Court's deadline – which was extended multiple times – was the direct result of [the president's] inaction" and that he "has no one to blame for his decision to disobey multiple court orders."). In this Court's estimation, Mr. Arian's conduct has been both willful and dilatory. *See Clearly v. Atria Management Co., LLC,* 2014 WL 4770913, *2 (E.D. Pa.

2015) ("The Plaintiff ignored a communication from Chambers, two direct Court orders, and several extension periods. His decision to ignore these demands, 'even after express warnings about the consequences, can only be regarded as willful.'"); *Beaver Res. Corp*, 618 Fed. App'x at 739 (finding that the corporation's president's failure to comply with numerous court orders to find counsel and to respect the extensions of time constitutes a history of dilatoriness). Given same, the Court finds that Mr. Arian's conduct has caused Defendant to experience prejudice and that, under the circumstances, less severe sanctions would not be effective, as the case cannot proceed in the absence of Mr. Arian obtaining replacement counsel. *See Lane v. Hundley*, 319 F.R.D. 478, 479 (D. Del. 2017) (noting that a "Plaintiff's failure to take any action impedes defendant's ability to prepare a trial strategy or otherwise resolve the dispute," and thus constitutes prejudice to the defendant). In the same vein, even assuming *arguendo* that Plaintiff's breach of contract claim otherwise had merit, Mr. Arian's decision to flout the Court's orders and refuse to obtain replacement counsel precludes the Court from reaching the merits on the claim. In any event, the Court has reviewed Defendant's motion for judgment on pleadings and brief in support and concludes that when considering the attached documents and e-mails, Plaintiff's breach of contract claim appears to lack merit, especially given the contingent nature of parties' negotiations and the fact that Defendant returned Plaintiff's $9,000 deposit while they waited to see if the condition precedent to contract formation would be satisfied. (Docket Nos. 9, 10). Therefore, having considered all of the *Poulis* factors, the Court finds that Mr. Arian's failure to prosecute this action justifies dismissal of same, with prejudice.

IV. **CONCLUSION**

In accordance with the foregoing, the Court will dismiss this case, with prejudice, for failure to prosecute. An appropriate Order follows.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: October 10, 2017

cc/ecf: All counsel of record.

        Ardeshir Arian
        P.O. Box 6696
        Woodland Hills, CA 91365
        (via regular mail)